1   Edward Vincent King, Jr. (SBN 085726)
    Alvin B. Lindsay (SBN 220236)
2   KING & KELLEHER, LLP
    20 California Street, 7th Floor                    **\*ORDER E-FILED 4/8/2008\***
3   San Francisco, CA  94111
    Telephone:  (415) 781-2888
4   Facsimile:  (415) 781-3011

5   Attorneys for Plaintiff
    TRENT WEST
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  TRENT WEST,                          Case No.C 07-1812 JF (HRL)

12          Plaintiff,

13      v.                               [PROPOSED] STIPULATED
                                         PROTECTIVE ORDER
14  JEWELRY INNOVATIONS, INC.,
    TOSYALI INTERNATIONAL, INC. (dba     (MODIFIED BY THE COURT)
15  BENCHMARK), NORTHSTAR
    DIAMOND, INC. (dba TUNGSTEN
16  MAGNUM), A JAMAIS DESIGNS, INC.
    (dba INFINITY RINGS), and CROWN
17  RING, INC.,

18          Defendants.

19  ─────────────────────────────

20  And Related Cross-Actions

21

22          For the purposes of pending litigation and to facilitate discovery between Plaintiff Trent

23  West and Defendants, Jewelry Innovations, Inc., Tosyali International, Inc. (dba Benchmark),

24  Northstar Diamond, Inc. (dba Tungsten Magnum), and Crown Ring, Inc., (hereinafter referred to

25  as "Defendants"), in Case No. C 07-1812 JF (HRL), and specifically to facilitate the discovery of

26  any trade secrets, confidential research, development or commercial information or any otherwise

27  sensitive business or technical information, the parties believe that such information should be

28  produced under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

1   The parties agree that this Stipulated Protective Order is necessary in order to balance the need
2   for confidentiality in litigation with the right of public access to judicial records.

3   The parties acknowledge that this Stipulated Protective Order does not confer blanket
4   protections on all disclosures or responses to discovery and that the protection it affords extends
5   only to the limited information or items that are entitled under the applicable legal principles to
6   treatment as confidential. The parties further acknowledge, as set forth in paragraph 8 below, that
7   this Stipulated Protective Order creates no entitlement to file confidential information under seal.
8   Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards
9   that will be applied when a party seeks permission from the court to file material under seal.

10  Therefore, the undersigned parties through their attorneys hereby stipulate to, and petition
11  the Court to enter, the following Stipulated Protective Order containing the following terms
12  pertaining to the obligations of confidentiality regarding information that will be disclosed during
13  discovery.

14  The Court, finding that the agreement of the undersigned parties is proper and desirable in
15  the circumstances of this case, and good cause appearing therefor, pursuant to Rule 26(c) of the
16  Federal Rules of Civil Procedure determines that for the benefit of all parties and witnesses to
17  govern the course of the proceedings in this case

18  **IT IS HEREBY ORDERED THAT:**

19  <u>**DEFINITIONS**</u>

20  1.      The following definitions shall apply to this Stipulated Protective Order (hereinafter
21  "Order"):

22      (a)      **"Party"** or **"Parties"** shall mean and refer to any party to this litigation,
23  including the Plaintiff or Defendants, and any cross-complainant or cross-defendant, in the above
24  captioned action.

25      (b)      **"Confidential Information"** shall mean and refer to any information,
26  documents, testimony, things or other forms of data which are disclosed pursuant to discovery or
27  in some other proceeding in this litigation and which a party or a non-party witness claims to be
28  its trade secret or confidential research, development, financial or commercial information, or

-2-

otherwise is claimed to be non-public, confidential or proprietary business or technical information within the meaning of Fed. R. Civ. P. 26(c) by the designating party.  Such information must be designated "Confidential" in good faith by the party or non-party disclosing such information, whether such designation be oral at a hearing or deposition, or in writing, and whether such disclosure be voluntary or otherwise made.  The designation made by a party or non-party shall be a certification to the Court and to the other parties that such information is believed to be Confidential within the meaning of this Order.  All involved in making such designation shall act in good faith, and such designation shall not be made to impose burden or delay on an opposing party, for tactical or other advantage in litigation, or in order to avoid embarrassment.  Information designated as "Confidential" in accordance with this provision shall be treated as Confidential Information until it ceases to be covered by this Order.

        (c)    **Unless otherwise ordered by the court,**
                 **"Qualified Person(s) for receiving Confidential Information"** shall mean and refer to:

        (i)    Presently retained "counsel" for any party to this litigation, specifically the attorneys of King & Kelleher, LLP; the attorneys of Jones Waldo Holbrook & McDonough PC and the attorneys of its local counsel, The Bernstein Law Group PC; and the attorneys of the Trojan Law Offices. "Counsel" shall include the employees and staff of counsel, including paralegals, stenographic, secretarial or clerical employees, translators, and employees of an independent photocopying, microfilming, or similar service utilized by such counsel for any party in this action.  Subsequently retained "Counsel" may by added by any party provided the other parties are provided with written notice that such counsel has been retained and agrees to abide by the terms of this Order.   None of the parties retain in-house counsel, so "counsel" shall not include in-house counsel unless such counsel is added by a party and the other parties are provided with written notice that such counsel has been retained and agrees to abide by the terms of this Order;

(ii)   Employees of the Court or other forum involved in any way in the action, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or the trial of this action and the conduct of discovery;

(iii)   Mr. Trent West, as an individual party and one (1) additional officer, director, or other employee of Trent West or his corporate entities, and two (2) officers, directors, or other employees of each of the named party Defendants who have been charged with responsibility for making business decisions on behalf of the party and dealing directly with the litigation of this action, provided these identified individuals have executed a Written Assurance statement and been qualified in accordance with the provisions of paragraphs 5 and 6 below and agree to abide by the terms of this Order;

(iv)   The deponent, party employee or other witness who authored, received, or saw a document or thing designated as "Confidential" or who is otherwise familiar with the Confidential Information, but only to the extent of the person's familiarity with the Confidential Information (provided that such person is not already a Qualified Person by virtue of some other provision of this Order);

(v)   Independent/Outside Experts and Consultants retained for the purpose of pretrial discovery, preparation for trial, or trial of the action, or who have been otherwise requested by Counsel to furnish technical or expert services or to give testimony with respect to the subject matter for the trial of this action, as may hereafter be qualified to receive Confidential Information pursuant to order of the Court or the provisions of paragraphs 5 and 6 below;

STIPULATED PROTECTIVE ORDER                                        Case No.C 07-1812 JF (HRL)

(vi)    Such other individuals as the parties may stipulate and agree to, provided such individuals have been qualified in accordance with the provisions of paragraphs 5 and 6 below.

(d)    **"Confidential for Attorney's Eyes Only Information"** may also be designated as **"Outside Counsel's Eyes Only Information,"** and shall mean and refer to information and data which constitutes confidential business or technical information which is considered in good faith by a disclosing party or non-party to be highly sensitive.  This designation shall be made as sparingly as possible and shall be a certification to the Court and the other parties that such information is believed subject to this more restrictive classification within the meaning of this Order.  All documents or information designated "Confidential for Attorney's Eyes Only" are included within the meaning of "Confidential Information" as used in this Order and, except as otherwise provided herein, all provisions set forth in this Order applicable to "Confidential Information" also apply to documents or information designated "Confidential for Attorney's Eyes Only."   Likewise, all provisions set forth in this Order applicable to Qualified Persons for receiving Confidential Information also apply to those persons designated as "Qualified Persons for Receiving Confidential for Attorney's Eyes Only Information," except that "Confidential for Attorney's Eyes Only" documents and information shall not be shown, disclosed, or communicated by the receiving party in any way to anyone other than those persons specifically described in paragraph 1(e) below.  All involved in making this designation shall act in good faith in doing so, and information designated as "Confidential for Attorney's Eyes Only" in accordance with this provision shall be treated as such until it ceases to be covered by this Order or is lowered to a less restrictive classification.

(e)    Unless otherwise ordered by the court, **"Qualified Person(s) for Receiving Confidential for Attorney's Eyes Only Information"** shall mean and refer to:

(i)    Presently retained "counsel" for any party to this litigation, specifically the attorneys of King & Kelleher, LLP; the attorneys of Jones Waldo Holbrook & McDonough PC and the attorneys of its local counsel, The Bernstein Law Group PC; and the attorneys of the Trojan Law Offices.

1    "Counsel" shall include the employees and staff of counsel, including

2    paralegals, stenographic or clerical employees, translators, and employees

3    of an independent photocopying, microfilming, or similar service utilized

4    by such counsel for any party in this action.  Subsequently retained

5    "Counsel" may by added by any party provided the other parties are

6    provided with written notice that such counsel has been retained and

7    agrees to abide by the terms of this Order.   None of the parties retain in-

8    house counsel, so "counsel" shall not include in-house counsel unless such

9    counsel is added by a party and the other parties are provided with written

10   notice that such counsel has been retained and agrees to abide by the terms

11   of this Order;

12   (ii)   Employees of the Court or other forum involved in any way in the action,

13          including stenographic reporters engaged in such proceedings as are

14          necessarily incident to the preparation for trial and/or the trial of this

15          action and the conduct of discovery;

16   (iii)  The deponent, party employee or other witness who authored, received, or

17          saw a document or thing designated as "Confidential for Attorney's Eyes

18          Only" or who is otherwise familiar with the Confidential for Attorney's

19          Eyes Only Information, but only to the extent of the person's familiarity

20          with such information (provided that such person is not already a

21          Qualified Person by virtue of some other provision of this Order); and

22   (iv)   Independent Experts and Consultants retained for the purpose of pretrial

23          discovery, preparation, and trial of the action as may hereafter be qualified

24          to receive Confidential Information pursuant to order of the Court or the

25          provisions of paragraphs 5 and 6 below;

26   (f)   **Confidential Information and Confidential for Attorney's Eyes Only**

27   **Information shall not include** any information or materials which:

28

STIPULATED PROTECTIVE ORDER                                    Case No.C 07-1812 JF (HRL)

1           (i)       are lawfully in the possession of the party receiving them such as, for

2           example, materials in the receiving party's possession prior to being designated

3           Confidential Information in this litigation or received through communications

4           other than production or disclosure in this action, such as, for example, materials

5           received in the course of legitimate business dealings between the parties or

6           between one of the parties and a third party, unless those documents are covered

7           by a separate non-disclosure or confidentiality agreement or order, in which case

8           the receiving party may continue to use such documents in the course of business

9           subject to those agreements or orders;

10          (ii)      have been or become part of the public domain by publication or

11          otherwise, which is not due to any unauthorized act or omission on the part of the

12          receiving party; or

13          (iii)     have been or are lawfully obtained by the receiving party from a person or

14          entity lawfully possessing and having the right to disclose such materials.

15     (g)       "**Action**" shall mean this legal proceeding, Case No.C 07-1812 JF (HRL).

16     (h)       "**Disclosing, Designating or Producing Party**" shall mean the party or a third

17 party producing Confidential or Confidential for Attorney's Eyes Only Information designated

18 under the provisions of this Order or who designates a Qualified Person for receiving

19 Confidential or Confidential for Attorney's Eyes Only Information under the provisions of this

20 Order.

21     (i)       "**Receiving Party**" shall mean the party or a third party who receives Confidential

22 or Confidential for Attorney's Eyes Only Information designated under the provisions of this

23 Order by a disclosing, designating or producing party.

24     (j)       "**Objecting Party**" shall mean the party or a third party who objects to

25 designation of Confidential or Confidential for Attorney's Eyes Only Information by a disclosing,

26 designating or producing party under this Order or who objects to the designation of a Qualified

27 Person for Receiving Confidential or Confidential for Attorney's Eyes Only Information under

28 the provisions of this Order by a designating party.

-7-

STIPULATED PROTECTIVE ORDER                                            Case No.C 07-1812 JF (HRL)

1

## STIPULATION AND ORDER

2      2.      Prerequisites for Receiving Information: Prior to receiving Confidential

3  Information or Confidential for Attorney's Eyes Only Information, all Qualified Persons, except

4  those designated in paragraphs 1(c)(i), (ii) and (iv) and 1(e)(i), (ii) and (iii),  shall sign a Written

5  Assurance Statement, in substantially the form set forth in paragraph 5(f) below, indicating that

6  the person has read this Order and agrees to abide by its provisions.  Copies of such signed

7  Written Assurance statements shall be promptly provided to the other parties, as set forth in

8  paragraph 5 below, along with a written request asking that such person be designated as the

9  appropriate "Qualified Person" for the purposes of receiving Confidential or Confidential for

10  Attorney's Eyes Only Information and informing the other parties of the persons name, present

11  employer and the persons title, position and employment duties.  In the case of an expert or

12  consultant which a party intends to employ for rendering an expert report or testimony, or

13  otherwise providing professional, scientific or other litigation related advice and consultation, a

14  copy of the expert or consultant's resume shall also be provided to the other parties, or, in lieu

15  thereof, a description of the person's experience and education which is pertinent to his or her

16  anticipated testimony.

17      3.      Designation:  Confidential Information and Confidential for Attorney's Eyes Only

18  Information shall be used only in connection with discovery and proceedings in this action, and

19  any appeals therefrom, and may be disclosed only to an appropriate Qualified Persons for

20  receiving Confidential or Confidential for Attorney's Eyes Only Information as set forth in

21  paragraphs 1(c) and 1(e) above.  Any document or thing designated as "Confidential

22  Information", or "Confidential for Attorney's Eyes Only Information," as well as the material

23  and/or data contained therein, shall remain confidential in accordance with the protections

24  afforded by this Stipulated Protective Order and shall not be revealed or used, other than as set

25  forth herein, for any other purpose whatsoever.

26      (a)      A party or non-party may designate information produced as "Confidential" by

27  any of the following methods:

28

(i) For information set forth in any documents or copies of documents produced to the discovering party voluntarily as a part of mandatory and ongoing disclosures or under Fed. R. Civ. P. 26, 33(d) or 34, by writing or stamping the word "Confidential" in plain view on the documents which allegedly contain such information, and whenever possible, by also providing a notice in writing to the discovering party that identifies, by Bates number, the pages that are designated "Confidential";

(ii) Where a document or response consists of more than one page, each page containing "Confidential" information shall be so designated.  In the alternative, the entire document may be designated as "Confidential" by writing or stamping the word "Confidential" in plain view on the cover page or first page of the document and by annotating that the remaining pages are "Confidential;"

(iii) As to testimony taken on behalf of any party or non-party hereto which involves disclosure of Confidential Information, such testimony may be designated as "Confidential" if counsel for the witness states on the record that it is "Confidential" at that time such testimony is given or immediately thereafter, and/or as otherwise specified in the procedure set forth in paragraphs 9 and 10 below;

(iv) If only a portion of a document or portions of the material on a page qualifies for protection, the producing party must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted;

(v) Confidential Information revealed by inspection of things or premises voluntarily or under Fed. R. Civ. P. 34 shall be designated as "Confidential" provided that, prior to the inspection, the party permitting inspection states in writing that its Confidential Information will be disclosed by the inspection and specifies in writing those parts of the

-9-

1           things or those areas of the premises in which its Confidential Information

2           will be revealed; and

3       (vi)   If the item produced is a tangible object, that tangible object may be

4           designated as "Confidential" by affixing to the object or its container a

5           label or tag indicating the object is "Confidential."

6     (b)   A party or non-party may designate information produced as "Confidential for

7   Attorney's Eyes Only" by the same methods as set forth above in paragraph 3 (a) or elsewhere in

8   paragraph 3, except that the "Confidential" designation shall be replaced with a "Confidential for

9   Attorney's Eyes Only" designation in the same manner as required thereunder.

10     (c)   Each party or non-party that designates information or items for protection under

11   this Order must take care to limit any such designation to specific material that qualifies under

12   the appropriate standards. A designating party must take care to designate for protection only

13   those parts of material, documents, items, or oral or written communications that qualify – so that

14   other portions of the material, documents, items, or communications for which protection is not

15   warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or

16   routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or

17   that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

18   development process, or to impose unnecessary expenses and burdens on other parties), expose

19   the designating party to sanctions.

20     (d)   A party or non-party that makes original documents or materials available for

21   inspection  voluntarily or under Fed. R. Civ. P. 33(d) or 34 need not designate them for

22   protection until after the inspecting party has indicated which material it would like copied and

23   produced.  During the inspection and before the designation, all of the material made available

24   for inspection shall be deemed "Confidential."  After the inspecting party has identified the

25   documents it wants copied and produced, the producing party must determine which documents,

26   or portions thereof, qualify for protection under this Order, then, before producing the specified

27   documents, the producing party must affix the appropriate "Confidential" or "Confidential for

28   Attorney's Eyes Only" at the top of each page that contains designated material. If only a portion

STIPULATED PROTECTIVE ORDER                                           Case No.C 07-1812 JF (HRL)

1   or portions of the material on a page qualifies for protection, the producing party also must

2   clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins)

3   and must specify, for each portion, the level of protection being asserted.

4        4.     <u>General Limitations on Disclosure</u>:  The substance or content of Confidential

5   Information, as well as all documents or things containing such substance and content, shall not

6   be transferred or disclosed to anyone other than a Qualified Person and to the parties hereof,

7   except, however, that information also designated as "Confidential for Attorney's Eyes Only

8   Information," and the substance thereof, shall not be disclosed to, or discussed with anyone

9   except the Qualified Persons for Receiving Confidential for Attorney's Eyes Only Information as

10  specified in paragraph 1(e)(i)-(iv) above.  This Order shall not bar any attorney herein in the

11  course of rendering advice to his client with respect to this action from conveying, in a general

12  way, to any party client his or her evaluation of "Confidential" or "Confidential for Attorney's

13  Eyes Only" information produced or exchanged herein, provided, however, that in rendering such

14  advice and otherwise communicating with his or her client, the attorney shall not disclose the

15  contents of any "Confidential" or "Confidential for Attorney's Eyes Only" information produced

16  by another party herein, which disclosure would be contrary to the terms of this Order.

17       5.     <u>Disclosure and Written Assurance Statements, and Objections to Designation of</u>

18  <u>Qualified Persons</u>:  If a party wishes to propose the designation of any "Qualified Person(s)" as

19  described in paragraph 1(c)(iii), and (v)-(vi) or paragraph 1(e)(iv), the designating party must

20  send a Written Assurance Statement, as described in paragraph 5(f), and a written request, as

21  specified in paragraph 2, to the other parties via facsimile and first class mail or by other means

22  agreed to by the parties.  A receiving party may then object to the qualification of such a

23  proposed designated person in accordance with the following provisions and procedures:

24       (a)     Within five (5) business days after receiving a Written Assurance as described in

25  paragraph 5(f), a party may object to the qualifications of the person to opposing counsel of

26  record in writing via facsimile and first-class mail, or by other means agreed to by the parties,

27  and no such objections shall be made unless in good faith and upon reasonable cause for concern;

28       (b)     Even if no objections are made to the designation of such person, no disclosure of

STIPULATED PROTECTIVE ORDER                                                    Case No.C 07-1812 JF (HRL)

Confidential or Confidential for Attorney's Eyes Only designated information shall be made to the person prior to five (5) business days after the Written Assurance is received by counsel for all parties;

(c)     No disclosure of designated items shall be made to an objected to person until the opposing parties consent or until the Court rules against the objecting party on an appropriate motion;

(d)     The parties shall attempt in good faith to resolve the issues relating to the objection to the designation before involving the Court;

(e)     If no resolution is reached between the parties, the designating party shall have ten (10) business days from receiving the written objection from the objecting party to move the Court for an appropriate order and if it fails to do so, shall not be permitted thereafter to designate the person as a "Qualified Person" as described in paragraph 1(c)(iii), and (v)-(vi) or paragraph 1(e)(iv); and

(f)     A signed and dated Written Assurance statement shall be provided for all persons a designating party desires to be qualify under paragraphs 1(c)(iii) and (v)-(vi) and 1(e)(iv) in substantially the following form:

"I hereby acknowledge that I, [name], certify my understanding that any information provided to me is subject to the terms and conditions of the Stipulated Protective Order in Case No.C 07-1812 JF (HRL) pending in the United States District Court for the Northern District of California.  Having been given a copy of this Stipulated Protective Order, and having read and understood its contents, I hereby expressly agree to be bound by the terms and provisions thereof. I will hold in confidence any Confidential Information or Confidential for Attorney's Eyes Only Information which is disclosed to me and will use it only for purposes set forth in the Stipulated Protective Order, and will not disclose such information to anyone not qualified thereunder.

My present address is [address].  My present phone number is [phone number].  My present employer is [employer], where I am a [employment position].

I understand that I am to retain all copies of any of the materials I receive, which have been so designated as Confidential or Confidential for Attorney's Eyes Only Information, in a

1  container, drawer, cabinet, room, or other safe place in a manner consistent with the Order, and

2  that all copies are to remain in my custody until I have completed my assigned or legal duties, at

3  which time I will return or destroy the copies as specified in the Order. I acknowledge that such

4  return or the subsequent destruction of such materials shall not relieve me from any of the

5  continuing obligations of confidentiality imposed upon me by the Order.

6       I hereby submit to the jurisdiction of this Court in this action solely for the purpose of

7  enforcement of this Stipulation and Protective Order."

8      6.    <u>Objecting to the Designation of Confidential Information</u>:  Objection by any party

9  or non-party to the designation of information by another party or non-party as "Confidential" or

10 "Confidential for Attorney's Eyes Only" (hereinafter referred to collectively as "Confidential

11 Information" unless otherwise designated) shall be set forth and resolved as follows:

12     (a)    If any party objects to the designation of Confidential Information produced and

13 so designated by designating/producing party, the objecting party will serve a written objection

14 upon the designating/producing party setting forth its reason for objection.

15     (b)    The designating/producing party shall then notify the objecting party in writing of

16 the factual and legal bases for the asserted designation within five (5) business days after

17 receiving such written objection from the objecting party.

18     (c)    The parties shall then confer in good faith in an effort to informally resolve the

19 validity of the designating/producing party's designation within ten (10) business days after the

20 objecting party has received the producing party's notice of the bases for the asserted designation.

21 Counsel for either party can grant an extension of time for this conference period as mutually

22 agreed upon by counsel for the parties to continue to attempt to resolve the objection.

23     (d)    If the dispute is not so resolved, the designating/producing party as the party

24 designating Confidential Information shall make an application to the Court by motion under

25 Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) ~~to resolve the~~

26 ~~dispute~~ within ten (10) business days after conferring without resolution with the objecting party.

27 The designating/producing party desiring to designate Confidential Information shall have the

28 burden of establishing the confidentiality or sensitivity of the designated material with the Court.

(e)    Only upon agreement by the Court with the designating/producing party seeking to designate Confidential Information and the issuance of an Order from the Court so notifying the parties of its decision shall the Confidential Information then be appropriately designated as "Confidential" or "Confidential for Attorney's Eyes Only."

(f)    The material produced and in dispute shall in all respects be treated as the appropriately designated Confidential Information from the time of original designation until the Court has determined the issue of the objecting party's objection to the designation.

7.    <u>Protection of Confidential Information</u>:  Qualified Persons under this Order shall take reasonable precautions with regard to storage, custody and use of designated items to prevent the unauthorized or inadvertent disclosure of any protected information.  In so doing, such Qualified Persons shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Information as is exercised by the recipient with respect to its own confidential information of a similar nature, but in no event less than due care.  Each designated individual identified as a Qualified Person for receiving any Confidential Information produced in this action hereby agrees to be subject to the jurisdiction of this Court solely for the purposes of the implementation and enforcement of this Order.

8.    <u>Filing in the Public Record Confidential Information</u>:  Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any information that has been properly designated and accepted as Confidential Information or Confidential for Attorney's Eye's Only Information. When briefs, memoranda or other documents or things containing Confidential Information or Confidential for Attorney's Eyes Only Information are filed with the Court, the party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5 "Filing Documents Under Seal," which is set forth in its entirety below without Commentary:

(a)    <u>Specific Court Order Required</u>. No document may be filed under seal, i.e., closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the

-14-

particular document, or portions thereof. A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as "sealable."] The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c). A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal. Ordinarily, more than one copy of a particular document should not be submitted for filing under seal in a case.

      (b)    <u>Request to File Entire Document Under Seal</u>. Counsel seeking to file an entire document under seal must:

      (1)    File and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that the entire document is sealable;

      (2)    Lodge with the Clerk and serve a proposed order sealing the document;

      (3)    Lodge with the Clerk and serve the entire document, contained in an 8 ½- inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3- 4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL";

      (4)    Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container.

      (c)    <u>Request to File a Portion of a Document Under Seal.</u> If only a portion of a document is sealable, counsel seeking to file that portion of the document under seal must:

      (1)    File and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that a portion of the document is sealable;

      (2)    Lodge with the Clerk and serve a proposed order that is narrowly tailored to seal only the portion of the document which is claimed to be sealable;

STIPULATED PROTECTIVE ORDER                          Case No.C 07-1812 JF (HRL)

(3)     Lodge with the Clerk and serve the entire document, contained in an 8 ½-inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL." The sealable portions of the document must be identified by notations or highlighting within the text;

(4)     Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container, with the sealable portions identified;

(5)     Lodge with the Clerk and serve a redacted version of the document that can be filed in the public record if the Court grants the sealing order.

(d)     <u>Filing a Document Designated Confidential by Another Party</u>. If a party wishes to file a document that has been designated confidential by another party pursuant to a protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an Administrative Motion for a sealing order and lodge the document, memorandum or other filing in accordance with this rule. If only a portion of the document, memorandum or other filing is sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order. Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.

(e)     <u>Request Denied</u>. If a request to file under seal is denied in part or in full, neither the lodged document nor any proposed redacted version will be filed. The Clerk will notify the submitting party, hold the lodged document for three days for the submitting party to retrieve it, and thereafter, if it is not retrieved, dispose of it. If the request is denied in full, the submitting

-16-

1  party may retain the document and not make it part of the record in the case, or, within 3 days, re-

2  submit the document for filing in the public record. If the request is denied in part and granted in

3  part, the party may resubmit the document in a manner that conforms to the Court's order and

4  this rule.

5      (f)      Effect of Seal. Unless otherwise ordered by the Court, any document filed under

6  seal shall be kept from public inspection, including inspection by attorneys and parties to the

7  action, during the pendency of the case. Any document filed under seal in a civil case shall be

8  open to public inspection without further action by the Court 10 years from the date the case is

9  closed. However, a party that submitted documents that the Court placed under seal in a case

10  may, upon showing good cause at the conclusion of the case, seek an order that would continue

11  the seal until a specific date beyond the 10 years provided by this rule. Nothing in this rule is

12  intended to affect the normal records destruction policy of the United States Courts. The

13  chambers copy of sealed documents will be disposed of in accordance with the assigned Judge's

14  discretion. Ordinarily these copies will be recycled, not shredded, unless special arrangements are

15  made.

16      9.      Presenting Confidential Information in Proceedings:  When Confidential

17  Information or Confidential for Attorney's Eyes Only Information is presented, quoted or

18  referenced in any deposition, hearing or other proceeding, counsel for the offering party shall

19  make arrangements to ensure that only permitted Qualified Persons, under paragraphs 1(c) and

20  1(e), are present during such presentation, quotation or reference.  To designate all or any portion

21  of the testimony Confidential or Confidential for Attorney's Eyes Only, counsel for the witness

22  may enter such a designation on the record and at the time the testimony is given or immediately

23  thereafter.

24      10.      Transcripts and Confidential Information:  When Confidential Information or

25  Confidential for Attorney's Eyes Only Information is incorporated in a transcript of a deposition,

26  hearing, trial or other proceeding, the party asserting that the information or disclosure is

27  Confidential, shall, with the cooperation of all other parties and/or the court reporter, make

28  arrangements to label such portion "Confidential Information" or "Confidential for Attorney's

-17-

STIPULATED PROTECTIVE ORDER                                        Case No.C 07-1812 JF (HRL)

1    Eyes Only Information", and to separately bind such separate category of information where

2    practicable.  All persons shall be enjoined from disclosing the testimony that has been so

3    designated, except as permitted by this Order.  If a designation of Confidential Information or

4    Confidential Attorney's Eyes Only Information is not made during a deposition, hearing or trial,

5    and a party determines that additional material contained in the transcript should have been so

6    designated, a party may so designate the transcript or parts thereof, within thirty (30) days of the

7    mailing of the transcript, by sending written notice to opposing counsel and the court reporter of

8    the portions of the transcript that set forth that Confidential Information.  Each party so notified

9    must then cause each copy of the information in its custody, possession or control to be

10   appropriately marked and bound where practicable.  Until the thirty (30) day period has expired,

11   all deposition testimony and transcripts shall be treated in their entirety as Confidential

12   Information covered by this Order.  If no such written notice is provided within thirty (30) days

13   of the mailing of the transcript, all previously undesignated portions of the subject transcript will

14   be deemed to be unprotected under this Order.

15          11.    Disclosure by Qualified Persons:  A Qualified Person under this Order may

16   disclose items designated as "Confidential" or "Confidential Attorney's Eyes Only" only to

17   persons personally known to him/her to be authorized under this Order to receive such items.

18   Information obtained by a party inspecting, measuring, analyzing, testing, using, consulting, or

19   otherwise derived from reviewing any item designated under this Order shall be considered as

20   designated and marked according to the highest level of protection of any item reviewed in

21   obtaining that information.

22          12.    Disclosure to Other Persons Not Qualified Persons:  Disclosure of Confidential or

23   Confidential for Attorney's Eyes Only Information to a person other than a Qualified Person may

24   occur only upon the prior consent of the party who has produced and designated the information

25   as "Confidential" or "Confidential for Attorney's Eyes Only," or upon the information losing its

26   protected status in accordance with the provisions of this Stipulated Protective Order, or upon

27   order of the Court.

28

-18-

STIPULATED PROTECTIVE ORDER                                      Case No.C 07-1812 JF (HRL)

13.     <u>A Party's Own Information</u>:  Nothing herein shall be deemed to impose any restriction on the use or disclosure by a party of its own documents or information.

14.     <u>Duration of Enforceability of This Order and Actions Upon Termination</u>:  This Order is valid throughout the course of this action (defined to include all proceedings herein, appeals and/or remands), and shall survive its termination.  Not later than ninety (90) days after final termination of this action by judgment, order, settlement or otherwise, from which all appeals have been exhausted, all copies of documents containing Confidential Information **(except for documents submitted to the court)** shall be returned to the producing party or destroyed.  As an exception to this provision, one archival copy of pleadings, correspondence, work product, discovery responses, depositions, deposition exhibits, Court exhibits and documents included in submissions to the Court may be retained by outside counsel, and one archival set of produced documents may be retained for a period of up to five years from the date of termination by outside counsel for the receiving party for the purpose of any possible future dispute over alleged violation of this Order or over any agreement, decision, decree, order or judgment disposing of all or part of this action.

15.     <u>No Waiver of Right to Oppose Production</u>:  Nothing in this Order shall be deemed a waiver of any party's rights to oppose production of any information or documents on the grounds of relevance or materiality, or as an attorney-client privileged communication, or as work product of counsel, or as not reasonably calculated to lead to the discovery of admissible evidence.  If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information.

16.     <u>Inadvertent or Unauthorized Disclosure</u>:  If Confidential Information or Confidential for Attorney's Eyes Only Information is disclosed to anyone other than in a manner authorized by this Order, or a disclosing party inadvertently produces a document believed in good faith to be privileged or to contain Confidential or Confidential for Attorney's Eyes Only Information, the party responsible for such disclosure ("inadvertent disclosing party") must immediately bring all pertinent facts relating to such disclosure to the attention of the party that

-19-

so designated the information, and the inadvertent disclosing party must make every reasonable effort to retrieve such Confidential or Confidential for Attorney's Eyes Only Information and to prevent further disclosure. That inadvertent disclosing party shall so notify the other parties in writing or by making a statement on the record as soon as reasonably possible after the inadvertent or unauthorized disclosure is discovered. Following receipt of such notice, the parties shall return to the inadvertent disclosing party all originals and copies of any document claimed to contain the Confidential Information, and shall thereafter treat it as such pursuant to this Order and, other than documents contended to be privileged, the inadvertent disclosing party shall again produce each such document, with the appropriate "Confidential" or "Confidential for Attorney's Eyes Only" designation, or other designation as otherwise required by this Order. These provisions are subject to the right of any party to seek an order ruling that the document is not privileged or Confidential, and compliance with the foregoing shall not prevent the inadvertent disclosing party from seeking further relief from the Court.

17.   No Admission of Confidential Status:  Agreement to this Order is not an expression of consent or admission as to the actual confidentiality of any material. Should any party desire to challenge the designation of any material or information as "Confidential Information" or "Confidential for Attorney's Eyes Only Information," other than as provided in paragraph 6 above, such party may move the Court for an order changing such designation and/or releasing the material from the provisions of this Order. The Court, upon notice to the parties and upon a showing of good cause, may at any time order removal of the "Confidential" or "Confidential Attorney's Eyes Only" designation from any materials or information, or otherwise amend this Order.

18.   Additional Protection and Modifications:  Nothing herein shall affect the right of any party hereto to seek and secure additional protection against the disclosure of Confidential or Confidential for Attorney's Eyes Only Information. Any party hereto may apply to the Court for a modification of this Order, with respect to Confidential and/or Confidential for Attorney's Eyes Only Information, for termination of classified handling of any particular document, or for any other purpose.

19. <u>Copies of Notices</u>:  In addition to the procedures specifically set forth above, a copy of any notice or written assurance required by this Order shall be mailed to the attorney of record in the action for the person or party to whom such notice is directed.  In the case of notice required to be provided to any person (including a non-party) who has not previously made an appearance in the action, notice may also be provided to the person if copies are also sent to counsel for the parties.

20. <u>Waivers</u>:  Any waiver or consent expressly provided for by this Order which is made in writing or on the record by an attorney of record for any person/party in the action shall be binding upon such person/party.

21. <u>Party Duties as to Qualified Persons</u>:  Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Order and shall be jointly responsible upon breach of such duty for the failure of any such person to observe the terms of the Order.

23. <u>Information Received from Non-Parties</u>:   Either a party or a nonparty may designate documents produced in connection with this litigation "Confidential" or "Confidential for Attorney's Eyes Only."  The terms of this Order shall be applied to any documents, information and things received by a party or otherwise produced from any person/entity who is not a party to this litigation and which are so designated at the election of such non-party person/entity.  Such information so designated by a non-party will be protected by the remedies and relief provided by this Order and subject to its provisions in the same manner as if designated by a party.

24. <u>Consent to Jurisdiction</u>:  Any litigation with respect to this Order shall be conducted pursuant to the Local Rules of the Northern District of California and subject to the jurisdiction of the Northern District of California.

/ / /   **25.    For a period of six months after the final termination of this action, this court**
/ / /   **will retain jurisdiction to enforce the terms of this order.**
/ / /

STIPULATED PROTECTIVE ORDER                                    Case No.C 07-1812 JF (HRL)

26.
25.    Other Court Orders:  This Order shall be binding on the parties hereto when signed, and is subject to modification by the Court.  Any further Order entered by the Court in this action will supersede the terms of this Order to the extent it is inconsistent herewith.

**IT IS SO STIPULATED.**

JONES WALDO HOLBROOK &              KING & KELLEHER
MCDONOUGH

By: /s/ Brett D. Ekins_                       By: /s/ Alvin B. Lindsay
    Brett D. Ekins                                Alvin B. Lindsay

Attorneys for Defendants Jewelry Innovations,     Attorneys for Plaintiff Trent West
Inc., Tosyali International, Inc. (dba
Benchmark), and Northstar Diamond, Inc. (dba
Tungsten Magnum)

Date:  April 4, 2008                          Date:  April 4, 2008


TROJAN LAW OFFICES

By: /s/ R. Joseph Trojan__
    R. Joseph Trojan

Attorneys for Defendant Crown Ring, Inc.

Date:  April 4, 2008


**(AS MODIFIED BY THE COURT),**
**PURSUANT TO STIPULATION, IT IS SO ORDERED.**
                                  ^
DATED:  April __8__, 2008

                    _____
                    Honorable Howard R. Lloyd
                    United States Magistrate Judge

STIPULATED PROTECTIVE ORDER                        Case No.C 07-1812 JF (HRL)