**E-filed 10/8/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRENT WEST,<br><br>                Plaintiff,<br><br>      v.<br><br>JEWELRY INNOVATIONS, INC., TOSYALI INTERNATIONAL, INC. (dba BENCHMARK), DIAMOND NORTHSTAR, INC. (dba TUNGSTEN MAGNUM), and A'JAMAIS DESIGNS, INC. (dba INFINITY RINGS); and CROWN RING, INC.,<br><br>                Defendants. | Case Number C 07-1812 JF (HRL)<br><br>ORDER[1] DENYING MOTION FOR LEAVE TO AMEND PRELIMINARY INVALIDITY CONTENTIONS<br><br>[re: docket no.  182, 187, 189] |

    Defendants Jewelry Innovations, Inc. and Tosyali International, Ltd dba Benchmark (collectively "Benchmark") seek leave to amend their preliminary invalidity contentions. Plaintiff Trent West ("West") opposes the motion. The Court has read the moving and responding papers and has considered the oral arguments of counsel presented on October 3, 2008.  For the reasons set forth below, the motion will be denied.

---

    [1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

The instant patent infringement case involves jewelry rings made of tungsten carbide and a method for making the rings. West alleges that Benchmark[2] infringed four of his patents by selling or offering to sell patented tungsten carbide infringing finger rings, or making the finger rings in violation of his patented methods and processes. Benchmark has denied infringement and has counter-claimed for alleged antitrust violations. Pursuant to this Court's Patent Local Rules, West served preliminary infringement contentions, identifying his asserted claims and the allegedly infringing products. Benchmark filed its responsive preliminary invalidity contentions on September 24, 2007, identifying more than thirty items of prior art that allegedly anticipate each asserted claim or render it obvious. Following this exchange, the Court issued a *Markman* order construing disputed claim terms and a revised scheduling order extending the discovery cut-off date three months to November 11, 2008. In the instant motion, Benchmark alleges that it discovered additional prior art in July 2008, and that in August 2008 it realized that it inadvertently had omitted an additional patent. Benchmark filed the instant motion on July 28, 2008.[3]

## II. LEGAL STANDARD

The Patent Local Rules provide, in pertinent par that: "Amendment or modification of [...] the Preliminary or Final Invalidity Contentions [...] may be made only by order of the Court, which shall be entered only upon a showing of good cause." Patent L.R. 3-7.[4] Under Patent Local Rule 3-7, the "good cause" inquiry first considers whether the moving party was diligent in amending its contentions and then considers prejudice to the non-moving party should the motion to amend be granted. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355,

---

[2] West also alleges patent infringement claims against Northstar Diamond, Inc. and Crown Rings, Inc., which are not parties to the instant motion.

[3] Benchmark filed an amended motion on August 28, 2008.

[4] The 2001 version of the Patent Local Rules governs here because the underlying action was filed before the March 1, 2008 effective date of the new rules. *See Seiko Epson Corp. v. Coretronic Corp.*, 2008 WL 2563383 at *2 (N.D. Cal., June 23, 2008).

2
Case No. C 07-1812 JF (HRL)
ORDER DENYING MOTION FOR LEAVE TO AMEND PRELIMINARY INVALIDITY CONTENTIONS
(JFEX1)

1366-68 (Fed. Cir. 2006).[5] The party seeking to amend its contentions bears the burden of establishing diligence. *Id.* at 1366-67.

"Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Electronics Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002). The rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro,* 467 F.3d at 1366 n. 12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F.Supp.2d 1121, 1123 (N.D. Cal .2006)).

### III. DISCUSSION

Benchmark seeks leave to amend its Preliminary Invalidity Contentions for U.S. Patent No. 7,076,972; U.S. Patent No. 6,928,734; U.S. Patent No. 6,990,736; and U.S. Patent No. 7,032,314 (collectively, the "Patents"). The amendments seek to add two items of prior art to Benchmark's original contentions: (1) Lawrence Stanley's tungsten carbide finger ring (the "Stanley ring"); and (2) U.S. Patent No. 6,020,826 (the "Rein patent"). West argues both that Benchmark has failed to establish good cause and that the proposed amendments fail to conform to the procedural requirements of Patent Local Rule 3-3.

**A.  Good Cause Under Patent Local Rule 3-7**

In the leading case interpreting the "good cause" requirement of Patent Local Rule 3-7, the Federal Circuit held that parties in patent cases must "proceed with diligence *in amending* [their infringement and invalidity contentions] when new information comes to light in the course of discovery." *O2 Micro*, 467 F.3d at 1366 (emphasis added). Here, the parties dispute the boundaries of the diligence requirement. Benchmark argues that *O2 Micro* holds that parties must be diligent only in amendment of their preliminary contentions once new prior art is found.

---

[5]Other factors relevant to this inquiry not addressed by the parties include "the relevance of the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, [and] the difficulty of locating the prior art." *Acco Brands, Inc. v. PC Guardian Anti-Theft Products, Inc.,* 2008 WL 2168379 at *1 (N.D. Cal., May 22, 2008).

1  West contends that a showing of good cause requires diligence throughout the discovery process
2  and that the moving party not only must act promptly upon discovery of new prior art but also
3  must establish that it was diligent in its search for prior art.  As discussed below, the Court agrees
4  with West's position on the scope of the diligence inquiry.

5  In *O2 Micro*, "[t]he Federal Circuit merely held that the district court did not abuse its
6  discretion by disallowing amendments brought after a three-month delay." *The Board of Trustees
7  of Leland Stanford Junior University v. Roche Molecular Systems, Inc.,* 2008 WL 624771 at *3
8  (N.D.Cal., Mar 04, 2008) (granting plaintiff's motion to amend its final infringement contentions
9  even though plaintiff brought the motion four months after finding the prior art).  However, *O2
10 Micro* did not address "whether the party was diligent in discovering the basis for amendment,
11 and whether lack of such diligence precludes a finding of good cause." *Yodlee, Inc. v.
12 CashEdge, Inc.*, 2007 WL 1454259 at *3 (N.D. Cal., May 17, 2007) (finding *O2 Micro* "of little
13 help" where Defendant was diligent in seeking amendment).  Thus, a party's diligence in
14 amending its preliminary invalidity contentions upon finding new prior art is only one factor to
15 consider; the Court also must address whether the party was diligent in discovering the basis for
16 the proposed amendment.

17     1. The Stanley ring

18 Benchmark argues that it was diligent throughout the discovery process because it could
19 not have found the Stanley ring any sooner and it moved to amend its preliminary invalidity
20 contentions within ten days of the ring's discovery.  Specifically, Benchmark asserts that in July
21 2008 – nearly ten months after it filed its preliminary invalidity contentions – it became aware of
22 an individual, Lawrence Stanley, who had worn a tungsten carbide ring as a finger ring for six
23 months in 1991.  Allegedly, the Stanley ring had been made in accordance with the process
24 specified in West's patents.  Benchmark asserts that it made a diligent search of prior art before
25 locating the Stanley ring, which came to its attention through inquiries made to contacts in the
26 tungsten carbide industry.

27 West argues that Benchmark makes only "conclusory declarations" claiming it could not
28 have discovered the existence of the Stanley ring at an earlier date.  Indeed, Benchmark does not

describe in any detail the efforts it undertook to discover additional prior art other than "diligent inquiries" to unidentified "contacts." It does not explain any impediments to finding the Stanley ring more expeditiously.

Benchmark also claims that West would not be prejudiced by the addition of the Stanley ring as prior art because of the three-month window between disclosure of the Stanley ring and the close of discovery. *See, e.g., Golden Hour Data Systems, Inc. v. Health Services Integration, Inc.*, 2008 WL 2622794 at *4 (N.D. Cal., July 1, 2008) (amended contentions left non-moving party with sufficient time "as an additional three months remain in the fact discovery period").

However, West asserts that adding the Stanley ring at this point in the case would present substantial discovery difficulties. West points out that fewer than forty days remain between the hearing date on the instant motion and the discovery cut-off date. *See, e.g., Abbot Diabetes Care Inc. v. Roche Diagnostics Corp.,* 2007 WL 2221029 at *2 (N.D. Cal., July 30, 2007) (finding prejudice to the non-moving party where less than two months remained before discovery cut-off, and "addition of new products would likely derail the case management schedule, require additional claim construction, and delay trial"). West also points out that he has not been shown the actual Stanley ring, which was worn for only six months in 1991. West claims that the difficult and time consuming-task of finding witnesses to events that occurred seventeen years ago constitutes sufficient prejudice to justify denying the proposed amendment.

The Court agrees with West. Benchmark argues that its "diligence" satisfies the good cause requirement because it made "diligent inquires" to its contacts in the tungsten carbide industry and the inquiries "bore fruit when they did." However, as noted above, it does not provide any information about when or why it began the inquires, how it inquired, who its contacts in the industry were, or event what it inquired about. The burden is on Benchmark to establish diligence, and merely asserting that it made "diligent" inquiries does not meet this burden. The court also finds that the amendment would result in prejudice to West.

2. The Rein patent

Benchmark asserts that it sought to amend its preliminary invalidity contentions to include the Rein patent as soon as it came to its attention that the patent had been inadvertently

5

1  omitted from its original contentions. The Rein patent was cited and discussed in Benchmark's
2  opposition to West's motion for preliminary injunction and West disclosed the Rein patent to the
3  Patent and Trademark Office in connection with several of the patents-in-suit. Benchmark
4  maintains that West's prior knowledge of the Rein patent precludes a finding of prejudice.

5  Although Benchmark's motion to add the Rein patent to its preliminary invalidity
6  contentions was timely filed, that fact alone does not establish diligence. While Benchmark's
7  omission of the Rein patent may have been inadvertent, inadvertence is hardly the same as
8  diligence. As this District has explained, "carelessness is not compatible with a finding of
9  diligence and offers no reason for a grant of relief." *MEMC Electronic Materials v. Mitsubishi*
10 *Materials Silicon Corp.*, 2004 WL 5363616 at *5 (N.D. Cal., March 2, 2004); *see also Berger v.*
11 *Rossignol Ski Co., Inc.*, 2006 WL 1095914 at *5 (N.D. Cal. Apr. 25, 2006) (premising its holding
12 on a three-month delay and plaintiffs failure to provide "any justification for the amendment,
13 other than mere error."). Benchmark cannot rely solely on the timeliness of its motion and an
14 inadvertent omission does not establish diligence. Moreover, the mere fact that West was aware
15 of the Rein patent prior to the filing of the instant motion does not mean that Benchmark can rely
16 on it now. The Court is particularly reluctant to grant relief in this context post-*Markman*. If the
17 moving party fails to establish diligence, the "good cause" inquiry should end. *MEMC*
18 *Electronic Materials*, 2004 WL 5363616 at *5.

19 **B. Procedural Requirements of Patent Local Rule 3-3**

20 West also challenges the procedural sufficiency of the proposed amendments on three
21 grounds: (1) failure to show how the Stanley ring and Rein patent anticipate West's claims; (2)
22 failure to articulate why one of skill in the art would find the asserted claims obvious in light of
23 the Stanley ring or the Rein patent; and (3) failure to address where the elements of West's
24 asserted claims are found in the Stanley ring or the Rein patent.

25 As discussed above, Benchmark has failed to show good cause to add the Stanley ring
26 and the Rein patent to its preliminary invalidity contentions. Because Benchmark's instant
27 motion will be denied, the Court does not address the procedural issue. This ruling is without
28 prejudice to the right of either party to make other, non-substantive amendments to its

preliminary invalidity or infringement contentions by stipulation or motion.

## IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion for an order granting leave to amend preliminary invalidity contentions is DENIED and the proposed amended preliminary invalidity contentions are REJECTED.

DATED: October 8, 2008

_____
JEREMY FOGEL
United States District Judge

7

Case No. C 07-1812 JF (HRL)
ORDER DENYING MOTION FOR LEAVE TO AMEND PRELIMINARY INVALIDITY CONTENTIONS
(JFEX1)

This Order has been served upon the following persons:

Edward Vincent King
King and Kelleher, LLP
20 California St., 7th Floor
San Francisco, CA 94111
Fax: (415) 781-3011
Email: evking@kingandkelleher.com

Brett D. Ekins
Jones Waldo Holbrook and McDonough
301 N. 200 E., Suite 3A
St. George, UT 84770
Fax: (435) 628-5225
Email: bekins@joneswaldo.com

Brent T. Winder
*See Address Above*
Email: bwinder@joneswaldo.com

Andrew H. Stone
Jones Waldo Holbrook and McDonough
170 S. Main St., Suite 1500
Salt Lake City, UT 84101
Fax: (801) 328-0537
Email: astone@joneswaldo.com

Marc N. Bernstein
The Bernstein Law Group, P.C.
555 Montgomery St., Suite 1650
San Francisco, CA 94111
Fax: (415) 283-4804
Email: mbernstein@blgrp.com

Raymond Joseph Trojan
Trojan Law Offices
9250 Wilshire Blvd.
Beverly Hills, CA 90212
Fax: (310) 777-8348
Email: trojan@trojanlawoffices.com

Smadar Dahan
Crown Ring, Inc.
8290 St. Laurent Blvd.
Montreal, Canada
Fax: (514) 837-3799

Case No. C 07-1812 JF (HRL)
ORDER DENYING MOTION FOR LEAVE TO AMEND PRELIMINARY INVALIDITY CONTENTIONS
(JFEX1)