**E-filed 1/22/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRENT WEST,<br><br>            Plaintiff,<br><br>   v.<br><br>JEWELRY INNOVATIONS, INC., TOSYALI INTERNATIONAL, INC. (dba BENCHMARK), DIAMOND NORTHSTAR, INC. (dba TUNGSTEN MAGNUM), and A'JAMAIS DESIGNS, INC. (dba INFINITY RINGS); and CROWN RING, INC.,<br><br>            Defendants. | Case Number C 07-1812 JF (HRL)<br><br>ORDER[1] GRANTING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED PRELIMINARY INVALIDITY CONTENTIONS<br><br>[re: docket no. 227] |

    Defendant Crown Ring, Inc. ("Crown Ring") seeks leave to amend its first amended preliminary invalidity contentions. Plaintiff Trent West opposes the motion. The Court has read the moving and responding papers and has considered the oral arguments of counsel presented on January 16, 2009. For the reasons set forth below, the motion will be granted in part.

---

[1] This disposition is not designated for publication in the official reports.

# I. BACKGROUND

The instant patent infringement case involves jewelry rings made of tungsten carbide and a method for making the rings. Pursuant to this Court's Patent Local Rules, Plaintiff served his preliminary infringement contentions on July 27, 2007. This first set of infringement contentions claimed infringement by eight different models of Crown Ring tungsten carbide rings. Crown Ring then served its preliminary invalidity contentions on September 25, 2007. On April 10, 2008, the Court issued an order construing the disputed claim terms.

The parties have engaged in discovery, including in recent months (1) the deposition of Plaintiff on June 3, 2008; (2) the deposition of Lawrence Stanley, a third-party witness located by co-defendants Tosyali International, Inc., d/b/a Benchmark and Jewelry Innovations, Inc. (collectively "Benchmark"),[2] on August 7, 2008; and (3) the deposition of Edward McKinnon, another third-party witness, on September 3, 2008. In addition, Plaintiff produced voluminous prosecution files for the patents at issue to Crown Ring on November 3, 2008. These files had been in the possession of Plaintiff's former patent attorney, who produced the files to Plaintiff on June 20, 2008.

By stipulation, the deadlines for discovery and the filings required by the Patent Local Rules have been extended several times by the parties. During October 2008, and in light of the new information provided through discovery, the parties negotiated a stipulation to allow the filing of amended infringement and invalidity contentions. With respect to Plaintiff's amended preliminary infringement contentions, which were filed on October 18, 2008, the parties stipulated to the following:

> [The parties] have agreed and stipulate under Civil L.R. 7-12 that good cause exists under Patent L.R. 3-7 to permit entry of West's First Amended Infringement Contentions…A similar reciprocal stipulation seeking to permit entry of Crown's amended invalidity contentions is forthcoming. West and Crown have agreed that the scope of their stipulation for good cause under Patent L.R. 3-7 shall extend only to permitting entry of amendments based upon or arising directly from the content of evidence which has been made

---

[2] Benchmark settled with Plaintiff in early November 2008 and has been dismissed from the instant action.

2

of record through production of documents or fact witness depositions.

Stip. at 1-2, October 28, 2008.  On October 29, 2008, the Court approved the parties' stipulation. Plaintiff's first amended preliminary infringement contentions assert infringement by approximately fifty-three additional Crown Ring models.  According to Crown Ring, these new infringement contentions are supported largely by public information that has been available since the beginning of the litigation.

On November 7, 2008, Crown West served its first amended preliminary invalidity contentions.  The prior art cited in the contentions includes a ring designed by Lawrence Stanley (the "Stanley ring") and U.S. Patent No. 6,020,826 (the "Rein patent").  Plaintiff objected to the inclusion of the Stanley ring and Rein patent on the ground that the Court previously had denied a motion by Benchmark to amend its preliminary infringement contentions to add these same two references.  The basis for the Court's prior ruling was that Benchmark had not been diligent in its search for the prior art and thus failed to meet its burden of showing good cause for amendment.

Crown Ring's invalidity contentions also included allegations of unenforceability due to inequitable conduct.  Plaintiff objected to the inclusion of any allegations of inequitable conduct because Patent L.R. 3-3 does not provide for the assertion of invalidity contentions based upon inequitable conduct.  Because certain filing deadlines were imminent, Crown Ring withdrew the offending material from its amended contentions, and on November 13, 2008, the parties stipulated, through a written agreement that was nearly identical to the stipulation allowing the amendment of Plaintiff's infringement contentions, that Crown Ring's first amended preliminary invalidity contentions should be entered into the record.

On November 17, 2008, Crown Ring filed the instant motion, seeking leave to include the Stanley ring, Rein patent, and unenforceability allegations in its proposed second amended preliminary invalidity contentions.  In support of its request, Crown Ring contends that it only stipulated to allow Plaintiff to filed his amended infringement contentions based on the understanding that in return, Crown Ring could file amended invalidity contentions asserting any prior art that was "based upon or arising directly from the content of evidence which has been

3

made of record through production of documents or fact witness depositions." Crown Ring maintains that it complied with its part of the bargain and Plaintiff is acting in bad faith by not reciprocating in full.

Crown Ring also contends that the Court's prior order with respect to the Rein patent and Stanley ring is not binding on Crown Ring because Crown Ring was not a party to that order and different circumstances are present here, including the fact that the parties had an agreement to allow the inclusion of any evidence of record in their respective amended contentions.  Finally, Crown Ring asserts that even if the parties did not have a stipulation, it was diligent in asserting its proposed amended contentions.  Crown Ring also represents that the evidence of inequitable conduct was discovered only through recent depositions, and that the silence of Patent L.R. 3-3 with respect to inequitable conduct does not bar the inclusion of such allegations in its amended contentions.

## II. LEGAL STANDARD

Patent L.R. 3-7 provides that "[a]mendment or modification of [...] the Preliminary or Final Invalidity Contentions [...] may be made only by order of the Court, which shall be entered only upon a showing of good cause." Pat. L.R. 3-7.[3]  The "good cause" inquiry considers (1) whether the moving party was diligent in amending its contentions and (2) the prejudice to the non-moving party should the motion to amend be granted.  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006).  Other factors relevant to this inquiry include "the relevance of the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, [and] the difficulty of locating the prior art." *Acco Brands, Inc. v. PC Guardian Anti-Theft Prods.*, Inc., No. C 04-03526, 2008 WL 2168379, at *1 (N.D. Cal. May 22, 2008).  A stipulation may also satisfy the good cause requirement. *See Atmel Corp. v. Authentec, Inc.*, No. C 06-2138, 2008 WL 276392, at *3 (N.D. Cal. Jan. 31, 2008).  The party seeking leave to amend has the burden of showing that good cause exists for the proposed

---

[3] The 2001 version of the Patent Local Rules governs here because the underlying action was filed before the March 1, 2008 effective date of the new rules. *See Seiko Epson Corp. v. Coretronic Corp.*, No. C 06-06946, 2008 WL 2563383, at *2 (N.D. Cal. June 23, 2008).

amendment.  *See* Pat. L.R. 3-7; *O2 Micro*, 467 F.3d at 1366-67.

## III. DISCUSSION

### A.  Addition of Rein Patent and Stanley Ring

Plaintiff opposes Crown Ring's attempt to assert the Stanley ring and Rein patent principally because of the Court's prior denial of Benchmark's request to include these references in its amended invalidity contentions.  However, the Court did not hold that the references at issue should be excluded under all circumstances.  Rather, as argued by Crown Ring, the order applied only to Benchmark, which sought—without a prior stipulation—to add the Stanley ring and Rein patent to its invalidity contentions.  The Court concluded that Benchmark's vague representations regarding its search for the Stanley ring were insufficient to establish good cause. *See West v. Jewelry Innovations, Inc.*, No. C 07-1812, 2008 WL 4532558, at *3 (N.D. Cal. Oct. 8, 2008) (to show good cause, "[t]he burden is on Benchmark to establish diligence, and merely asserting that it made 'diligent' inquiries does not meet this burden.").  Likewise, the Court found that Benchmark's omission of the Rein patent from its initial invalidity contentions was inadvertent and insufficient to establish diligence.  *See id.* at *4 ("inadvertent omission does not establish diligence.").

The posture of the parties is different here.  In contrast to Benchmark, which attempted to amend its preliminary invalidity contentions unilaterally, Plaintiff and Crown Ring *stipulated* that each party would be allowed to amend its respective contentions to "permit[] entry of amendments based upon or arising directly from the content of evidence which has been made of record through production of documents or fact witness depositions."  The stipulation does not exclude any particular item of evidence as long as the evidence has been made of record through document production or deposition testimony.  Plaintiff's argument that the Court's prior ruling excluded the Rein patent and Stanley ring references from the record mischaracterizes the scope of the order.  Other parties, such as Crown Ring, may utilize the Stanley Ring and Rein patent as long as such use complies with applicable procedural rules and any agreements between the parties.  The Stanley ring clearly is part of the record, as counsel for Crown Ring was present at the Stanley deposition.  The Rein patent also is part of the record, as it was cited to the USPTO

during prosecution of at least one of the patents in suit, and presumably also was included in Plaintiff's production of prosecution files to Crown Ring on November 3, 2008. In addition, counsel for Plaintiff represented to Crown Ring that its amended invalidity contentions likely would change in light of the amended infringement contentions filed by Plaintiff. *See* Trojan Decl. Ex. 8 at 1 (Plaintiff's amended infringement contentions "will allow [Crown Ring"] to better assess [its] positions as to whether or not [it] can prove invalidity for each element of each asserted claim."). This statement opened the door to the inclusion of any prior art of record in Crown Ring's amended invalidity contentions. Because the Court issued its prior order on October 8, 2008, several weeks prior to the parties' stipulation, Plaintiff had ample opportunity to carve out the Rein patent and Stanley ring from the stipulation if he had intended to do so.

Plaintiff also argues that even if there was a prior agreement to allow amendment, that agreement applied only to one set of amendments for each party, and thus the instant motion independently must satisfy the good cause requirement of Patent L.R. 3-7. The Court agrees that if the motion to amend stood alone, Crown Ring would have to make an independent showing of good cause. However, in light of the parties' stipulation, the Court need not determine whether Crown Ring exercised diligence in its discovery of the Stanley ring or Rein patent because the parties' stipulation is sufficient to show good cause.[4] *See Atmel*, 2008 WL 276392, at *3. *See also MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.*, No. C 01-4925, 2004 WL 5363616, at *4 n.3 (N.D. Cal. Mar. 2, 2004) (good cause requirement of applicable version of the local patent rules was preceded by Civ. L.R. 16-9(c), which allowed amendment "(1) by stipulation of the parties; or upon a showing to the Court of (2) 'excusable subsequent discovery of new information' or (3) 'clearly excusable neglect.'").

---

[4] Crown Ring's excuse for not including the Stanley ring in its prior contentions is that it is a Canadian company without contacts to the tungsten ring industry in the United States. However, that fact alone does not necessarily show that it could not have engaged in more diligent discovery. In addition, the Rein patent was cited as a reference to the USPTO for at least one of the patents at issue, and thus there appears to be little reason why it could not have been cited in Crown Ring's initial preliminary infringement contentions.

6

B.  Inequitable Conduct

Patent L.R. 3-3 sets forth the requirements for disclosure of preliminary invalidity contentions.  Rule 3-3 allows invalidity contentions based upon prior art as well as "[a]ny grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims."  Accordingly, Plaintiff is correct that Rule 3-3 does not provide for inclusion of allegations of unenforceability due to inequitable conduct.  Moreover, even if Rule 3-3 could be interpreted to allow contentions with respect to inequitable conduct, that does not alter the requirement that allegations of inequitable conduct must be pled with particularity.  *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions*, 482 F.3d 1347, 1356-57 (Fed. Cir. 2007).  Without commenting with respect to whether Crown Ring could amend its pleadings to conform to the evidence (or as to whether the allegations of inequitable conduct in its operative counterclaims for relief are adequate), the Court notes that the original counterclaims do not contain any reference to Mr. McKinnon.[5]

## IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that Crown Ring's motion for leave to file second amended preliminary invalidity contentions is GRANTED IN PART.  Crown Ring's second amended preliminary invalidity contentions may include contentions related to the Stanley ring and Rein patent.  Any reference to inequitable conduct shall be stricken from the amended contentions.

IT IS SO ORDERED.

DATED: January 21, 2009

_____
JEREMY FOGEL
United States District Judge

---

[5] Crown Ring's operative counterclaims allege "Crown Ring claims that the U.S. Patent No. 6,928,734 is unenforceable as a result of inequitable conduct committed by West or his representatives during the prosecution of the corresponding application before the U.S.P.T.O."  Countercl. ¶13.

1 | This Order has been served upon the following persons:

2 | Andrew H Stone     astone@joneswaldo.com

3 | Anne W Kuykendall     akuykendall@flk.com

4 | Brent T. Winder     bwinder@joneswaldo.com

5 | Brett D. Ekins     bekins@joneswaldo.com, lcheney@joneswaldo.com

6 | Edward Vincent King , Jr     evking@kingandkelleher.com, alindsay@kingandkelleher.com, mwebb@kingandkelleher.com

7 |

8 | Michael F. Kelleher     mkelleher@flk.com

9 | Raymond Joseph Trojan     trojan@trojanlawoffices.com, crucillo@trojanlawoffices.com, kim@trojanlawoffices.com, speier@trojanlawoffices.com, Trojanlaw@aol.com

10 | Northstar Diamond, Inc.
Sellar Hazard Manning Ficenec & Lai
11 | 1800 Sutter Street
Suite 460
12 | Concord, CA 94520

13 | Smadar Dahan
Crownring Inc.
14 | 8290 St. Laurent Boulevard
Montreal, Canada

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

8

Case No. C 07-1812 JF (HRL)
ORDER GRANTING IN PART MOTION FOR LEAVE ETC.
(JFLC1)