**United States District Court**
For the Northern District of California

**\*E-FILED 3/13/2009\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TRENT WEST,

        Plaintiff,

  v.

JEWELRY INNOVATIONS, INC., TOSYALI INTERNATIONAL, INC. (d.b.a. BENCHMARK), DIAMOND NORTHSTAR, INC., (d.b.a. TUNGSTEN MAGNUM), A JAMAIS DESIGNS, INC. (d.b.a. INFINITY RINGS), and CROWN RING, INC.,

        Defendants.

_____/

No. C07-01812 JF (HRL)

**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT CROWN RING'S MOTION TO COMPEL DOCUMENTS; AND (2) DENYING CROWN RING'S MOTION FOR SANCTIONS**

**[Re: Docket Nos. 193, 197]**

Plaintiff Trent West sues for alleged infringement of four patents pertaining to methods and processes for creating tungsten carbide finger rings. He contends that defendants are selling or offering to sell infringing rings.

Defendant Crown Ring ("Crown Ring") moves for an order (a) compelling West to produce documents responsive to Request Nos. 2, 14, 78-81, 146 and 154 and (b) directing him to pay Crown Ring's attorney's fees and costs incurred in bringing the instant motion. Plaintiff opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion to compel in part and denies it in part. Crown Ring's motion for sanctions is denied.

**United States District Court**
For the Northern District of California

A.      <u>Licensing Documents (Request Nos. 2 and 146)</u>[1]

Crown Ring moves to compel documents relating to plaintiff's license agreements and negotiations.  Plaintiff maintains that such documents are irrelevant, but nonetheless agreed to produce all responsive, non-privileged documents.  At the motion hearing, West represented that there was only one such agreement, which he produced to Crown Ring in redacted form.  (West further indicated that negotiations as to others were ongoing.)  Plaintiff did not explain the redactions in his papers, and belatedly asserted at oral argument that the redacted text pertains to discussions between plaintiff and the licensee as to how future patent litigation would be funded.  West further asserted that the redactions therefore constitute attorney work product and fall within the "common interest" exception to waiver.

The requested information falls within the broad definition of relevance under Fed. R. Civ.P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").  For example, the discovery is relevant to damages, what constitutes a reasonable royalty, and the value to be placed on the patents-in-suit.  <u>Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A.</u>, 254 F.R.D. 568, 583 (N.D. Cal. 2008) ("This court finds that, at a minimum, discovery of licensing/settlement negotiations is reasonably calculated to lead to relevant admissible evidence."); <u>Sorenson v. Lexar Media, Inc.</u>, No. C08-00095, 2008 WL 5383513 a *2 (N.D. Cal., Dec. 22, 2008) (concluding that agreements and draft agreements were discoverable); <u>Atmel Corp. v. Authentec, Inc.</u>, No. C06-02138, 2008 WL 276393 *1-2 (N.D. Cal., Jan. 31, 2008) (holding that settlement agreements containing licenses were, at a minimum, relevant to

[1]     <u>Request 2</u>:      All documents and things referring or relating to the negotiations, execution and operation of all licenses or other agreements wherein rights under any of the patents in suit or its foreign counterparts are referenced, granted, defined, transferred, or otherwise conveyed or allocated, including, but not limited to, copies of the licenses or other agreements.

<u>Request 146</u>:      All documents and things referring or relating to any license involving any royalty rate for any of the patents in suit.

(Trojan Decl., Ex. 1).

1  damages).  Indeed, at oral argument, plaintiff stated that, now that the agreement has been

2  produced, he intends to use it at trial.

3        At the motion hearing, plaintiff seemed to draw a distinction between license

4  negotiations and settlement agreements.  But, on the record presented, this court finds no basis

5  to conclude that settlement negotiations are presumptively off limits for discovery.  See Phoenix

6  Solutions, Inc., 254 F.R.D. at 584 ("The court recognizes the right of parties to contract for

7  confidential settlement terms and the important policies underlying Federal Rule of Evidence

8  408 to encourage settlement.  However, Rule 408 does not warrant protecting settlement

9  negotiations from discovery.  On its face, the rule applies to the admissibility of evidence at

10  trial, not to whether evidence is discoverable.").  Nor can this court, on the facts presented here,

11  conclude that the information is protected by any privilege.

12       Accordingly, defendant's motion as to these requests is granted.  Within ten days from

13  the date of this order, plaintiff shall produce to Crown Ring (a) the agreement in unredacted

14  form, as well as (b) any other responsive, non-privileged documents.  To the extent there is any

15  responsive information that legitimately is shielded from discovery by virtue of the attorney-

16  client privilege (or any other ground for protection), plaintiff shall provide Crown Ring with a

17  privilege log.

18  **B.    Sales Documents (Request No. 14)**[2]

19       Although defendant's opening brief took issue with every objection raised by plaintiff,

20  the only apparent dispute here is over Crown Ring's request for some assurance that plaintiff's

---

22       [2]     Request 14:    All documents relating to the sale of any product embodying
23                              claim(s) of any of the patents in suit, including documents
                                showing:  a) the model, product name, and/or internal name of
24                              such product, b) the number of such products sold in the
                                United States by or for you, c) the date of each sale, d) the
25                              revenue and profits as a result of sales of such products and the
                                accounting for the revenue and profits, e) the sale price of such
26                              products, f) the fixed and variable costs of such products, e)
                                [sic] the profit margins on the sales of such products, g) your
27                              quarterly and annual gross revenue from such products, and/or
                                h) the gross profit, incremental profit, and net profit from the
28                              sales or licensing of each such product.

     (Trojan Decl., Ex. 1).

3

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   summary sales information is accurate.  At oral argument, defense counsel stated that individual

2   sales invoices and other documentation are preferable to summaries.  However, he

3   acknowledged that the parties have agreed that individual sales invoices and the like need not

4   be produced if summary information is accurately provided.  Indeed, the record presented

5   indicates that Crown Ring agreed not to press its demand for individual sales invoices and the

6   like, so long as plaintiff agreed not to require Crown Ring to produce the same.  (See Lindsay

7   Decl., Ex. C; Trojan Reply Decl., Ex. 13).[3]  Crown Ring has presented no evidence to suggest

8   that plaintiff's production is less than complete or truthful.  Defendant's motion as to this

9   request is denied.

10  **C.** **Documents re Conception, Development and Reduction to Practice (Request Nos. 78-81 and 154)**[4]

11          The only issue here is whether plaintiff ought to provide Crown Ring with a declaration

12  attesting to the completeness of his production.  Plaintiff says that he has produced all

---

14      [3]      As for Crown Ring's request for updated sales figures, plaintiff stated at oral argument that he had no problem with providing updated information.

16      [4]      Request 78:    All documents and things referring or relating to the conception, development, and reduction-to-practice of the invention or inventions claimed in the '734 patent.

        Request 79:    All documents and things referring or relating to the conception, development, and reduction-to-practice of the invention or inventions claimed in the '736 patent.

        Request 80:    All documents and things referring or relating to the conception, development, and reduction-to-practice of the invention or inventions claimed in the '314 patent.

        Request 81:    All documents and things referring or relating to the conception, development, and reduction-to-practice of the invention or inventions claimed in the '972 patent.

        Request 154:   All documents and things referring or relating to the research, development, testing, or any engineering, design, or manufacturing studies that relate to any invention within the scope of the claims of the patents in suit, including, without limitation, laboratory notebooks, development records, invention disclosures, notes, diagrams, lay-outs, computer-aided design (CAD) print-outs or files, specification sheets, and schematic drawings.

28      (Trojan Decl., Ex. 1).

**United States District Court**
For the Northern District of California

1   responsive, non-privileged documents in his possession, custody or control and that there are no

2   documents to be compelled.  Crown Ring remains skeptical because, during his June 2008

3   deposition, West testified that he had not searched for records pertaining to the development of

4   the claimed invention, or couldn't recall if he received a request for them.  (Trojan Decl., Ex. 4).

5   His counsel has submitted a declaration stating that, following the filing of the instant motion,

6   West told him that all documents relating to his inventor notebooks and notes and other

7   documents sought in Request Nos. 78-81 and 154 have been produced.  (Lindsay Decl., ¶ 12).

8   Given plaintiff's prior contradictory testimony, however, this court will grant the motion as to

9   this issue.  Plaintiff shall provide Crown Ring with a declaration attesting to the completeness

10  of his production.  The declaration shall be provided to Crown Ring within ten days from the

11  date of this order.

12  **D.      Crown Ring's Motion for Attorney's Fees and Costs**

13          Defendant's motion for attorney's fees and costs incurred in connection with the instant

14  motion is denied.  The record suggests that Crown Ring may have led plaintiff to believe that all

15  matters had been resolved – i.e., by remaining silent after the parties' July 9, 2008 meet/confer

16  discussion.  The instant motion presented somewhat of a moving target; and, better meet-and-

17  confer negotiations might have obviated the need for motions practice – or at least refined the

18  issues for this court's consideration.  In any event, under the circumstances presented here, this

19  court does not find that sanctions are warranted.

20          SO ORDERED.

21  Dated:      March 13, 2009

22          _____

23          HOWARD R. LLOYD
            UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**5:07-cv-1812 Notice has been electronically mailed to:**

Andrew H Stone astone@joneswaldo.com

Anne W Kuykendall akuykendall@flk.com

Brent T. Winder bwinder@joneswaldo.com

Brett D. Ekins bekins@joneswaldo.com, lcheney@joneswaldo.com

Edward Vincent King , Jr evking@kingandkelleher.com, alindsay@kingandkelleher.com, lana@kingandkelleher.com

Michael F. Kelleher mkelleher@flk.com

Raymond Joseph Trojan trojan@trojanlawoffices.com, crucillo@trojanlawoffices.com, kim@trojanlawoffices.com, speier@trojanlawoffices.com, Trojanlaw@aol.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.