**E-Filed 5/6/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRENT WEST,<br><br>                    Plaintiff,<br><br>     v.<br><br>JEWELRY INNOVATIONS, INC., et al.,<br><br>                    Defendants. | Case Number C 07-1812 JF (HRL)<br><br>ORDER[1] GRANTING APPLICATION FOR DEFAULT JUDGMENT AND ENTRY OF PERMANENT INJUNCTION<br><br>[re: Docket No. 385] |

Plaintiff Trent West ("West") seeks default judgment against Defendant A'Jamais Designs, Inc. (dba Infinity Rings) ("A'Jamais"). The application is unopposed. For the reasons set forth below, the Court will enter default judgment and enjoin A'Jamais from engaging in any infringing activity.

**I.  DISCUSSION**

On April 19, 2007, West filed his First Amended Complaint ("FAC") against *inter alia* A'Jamais, alleging that A'Jamais infringed West's the patents in suit.[2]  A'Jamais failed to file a pleading or otherwise respond to the FAC. In light of A'Jamais failure to appear, West

---

[1] This disposition is not designated for publication in the official reports.

[2] The patents in suit are U.S. Patent Nos. 6,928,734; 6,990,736; 7,032,314; and 7,076,972.

1  filed a motion for entry of default against A'Jamais.  The Clerk then entered default against
2  A'Jamais on February 5, 2008.  West's counsel has served A'Jamais with notice of the instant
3  motion for default judgment.
4        Upon default, the well-pleaded allegations in a complaint are considered to be true and
5  sufficient to establish a defendant's liability.  *DirecTV, Inc. v. Huynh*, 503 F.3d 847, 851 (9th Cir.
6  2007); *Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1197 (N.D. Cal. 2000).
7  This rule does not apply to allegations in the complaint regarding damages.  *Backman*, 102 F.
8  Supp. 2d at 1197.  The FAC sought both injunctive and monetary relief, but West now only seeks
9  the entry of an injunction permanently enjoining A'Jamais and its related entities from infringing
10 the patents in suit.
11       In light of the failure of A'Jamais to appear and good cause therefor appearing, IT IS
12 HEREBY ORDERED that:
13     1.  West's motion for default judgment will be GRANTED.  Judgment is hereby
14         entered establishing that A'Jamais has infringed each of the patents in suit as
15         claimed by West in the FAC;
16     2.  West's motion for entry of a order permanently enjoining A'Jamais from infringing
17         the patents in suit is GRANTED;
18     3.  A'Jamais, its officers, directors, employees, agents, licensees, subsidiaries,
19         successors, assigns, and any persons or entities acting in active consort with
20         A'Jamais are hereby restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed.
21         R. Civ. P. 65(d), from making, using, offering to sell or selling in the United States,
22         or importing into the United States, any unlicensed products, either alone or in
23         combination with any other product, and from infringing or inducing others to
24         infringe any valid claims of the patents in suit;
25     4.  A'Jamais shall provide written notice of the injunction ordered herein to its officers,
26         directors, agents, servants, representatives, attorneys, employees, subsidiaries and
27         affiliates, and those persons in active consort or participation with them, including
28         any and all persons or entities who have supplied A'Jamais with any accused

products or manufactured accused products on behalf of A'Jamais or provided materials or assistance to A'Jamais in connection with manufacturing and finishing the accused products;

5. A'Jamais shall employ whatever means are necessary or appropriate to ensure compliance with this order;

6. The permanent injunction shall run until expiration of the last operative patent of the patents in suit;

7. This Court retains jurisdiction over A'Jamais to enforce any and all aspects of this order;

8. No damages shall be awarded to West, and each side shall bear its own costs and attorney's fees; and

9. Damages, if any, or other relief sought pursuant to the granting of this permanent injunction, or related to the violation of any of the terms thereof, shall be calculated from the date of the filing of the original complaint in this action.

IT IS SO ORDERED.

DATED: May 6, 2009

*[signature]*

JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  Andrew H Stone     astone@joneswaldo.com

3  Anne W Kuykendall     akuykendall@flk.com

4  Brent T. Winder     bwinder@joneswaldo.com

5  Brett D. Ekins     bekins@joneswaldo.com, lcheney@joneswaldo.com

6  Edward Vincent King , Jr     evking@kingandkelleher.com, alindsay@kingandkelleher.com, mwebb@kingandkelleher.com

7

8  Michael F. Kelleher     mkelleher@flk.com

9  Raymond Joseph Trojan     trojan@trojanlawoffices.com, crucillo@trojanlawoffices.com, kim@trojanlawoffices.com, speier@trojanlawoffices.com, Trojanlaw@aol.com

10  Northstar Diamond, Inc.
    Sellar Hazard Manning Ficenec & Lai
11  1800 Sutter Street
    Suite 460
12  Concord, CA 94520

13  Smadar Dahan
    Crownring Inc.
14  8290 St. Laurent Boulevard
    Montreal, Canada

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 07-1812 JF (HRL)
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT ETC.
(JFLC1)