1 | Edward Vincent King, Jr. (SBN 085726)
Alvin B. Lindsay (SBN 220236)
2 | KING & KELLEHER, LLP    **E-Filed 6/15/09**
20 California Street, 7th Floor
3 | San Francisco, CA  94111
Telephone:  (415) 781-2888
4 | Facsimile:  (415) 781-3011

5 | *Attorneys for Plaintiff*
*TRENT WEST*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRENT WEST,** | Case No.5:07-cv-1812 JF (HRL) |
| **Plaintiff,** | |
| v. | [PROPOSED] ORDER ENTERING PERMANENT INJUNCTION ENJOINING INFRINGEMENT BY CROWN RING, INC. |
| **JEWELRY INNOVATIONS, INC., TOSYALI INTERNATIONAL, INC. (dba BENCHMARK), NORTHSTAR DIAMOND, INC. (dba TUNGSTEN MAGNUM), and A JAMAIS DESIGNS, INC. (dba INFINITY RINGS), and CROWN RING, INC.,** | |
| **Defendants.** | |
| **And Related Cross-Actions** | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

1. On April 19, 2007, Plaintiff Trent West ("West") filed his Amended Complaint in this matter against, among others, Crown Ring, Inc. ("Crown Ring") for infringement of four West patents: U.S. Patent Nos. 6,928,734 ("the '734 Patent"), 6,990,736 ("the '736 Patent"), 7,032,314 ("the '314 Patent) and 7,076,972 ("the '972 Patent") (collectively "the patents-in-suit").

2. On June 29, 2007, Crown Ring filed its Answer and Counterclaim, alleging non-infringement and asserting counterclaims for declaratory judgments of invalidity and unenforceability of the patents-in-suit.

3. The patents-in-suit pertain generally to tungsten carbide jewelry rings and methods of manufacturing tungsten carbide jewelry rings. Such rings that would infringe one or more of the valid claims of the patents-in-suit if they were made, used, sold, offered for sale or imported without a license to do so are defined as "Accused Products." Accused Products manufactured by current licensees of the patents-in-suit, as well as Accused Products manufactured by all future licensees of the patents-in-suit, are defined as "Licensed Products." All Accused Products other than Licensed Products are defined as "Unlicensed Products."

4. West has asserted that Crown Ring has committed acts that infringe the patents-in-suit by making, selling or offering for sale in the United States, or importing into the United States, certain rings it sold as of the filing of West's Amended Complaint in this matter, which rings or the manufacture of said rings West alleges infringe his patents.

5. Crown Ring has denied West's allegations of infringement, and has asserted counterclaims against West, which West has denied.

6. West and Crown Ring have entered into certain agreements to resolve this litigation. Pursuant to the agreements, Crown Ring has consented to the entry of this Order Entering Permanent Injunction Enjoining Infringement by Crown Ring, and West and Crown Ring have requested entry of the present Order by the Court with an effective date of July 13, 2009.

1    In view of the parties' representations regarding the agreement between West and Crown
2    Ring and the terms thereunder whereby Crown Ring has consented to entry of the present Order
3    Entering Permanent Injunction, the Court finds it to be acceptable and appropriate, therefore:
4    **PURSUANT TO STIPULATION BETWEEN WEST AND CROWN RING IN THIS**
5    **MATTER, IT IS HEREBY ORDERED THAT:**
6    Crown Ring, its officers, directors, owners, agents, servants, employees, attorneys,
7    successors in interest, subsidiaries, related entities, assigns and those persons in active concert or
8    participation with Crown Ring who receive actual notice hereof, are hereby restrained and
9    enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65(d), from making, using, offering to
10   sell or selling in the United States, or importing into the United States, any Unlicensed Products,
11   either alone or in combination with any other product, and from infringing or inducing others to
12   infringe any valid claims of the patents-in-suit.
13   This injunction shall run until the earlier of expiration of the last operative patent of the
14   patents-in-suit, or a finding of invalidity or unenforceability of all the claims of the patents-in-
15   suit.  In the event that a claim of the patents-in-suit is found to be invalid, then this injunction
16   shall remain in force as applied to the remaining claims of the patents-in-suit which have not
17   been found to be invalid.  Additionally, in the event that a claim of one of the patents-in-suit is
18   found to be unenforceable, then this injunction shall remain in force as to the remaining claims
19   of the patents-in-suit which have not been found unenforceable.
20   Pursuant to the parties' stipulation, this Permanent Injunction against Crown Ring shall
21   take effect on July 13, 2009.
22   This Court retains jurisdiction over Crown Ring to enforce any and all aspects of this
23   Permanent Injunction.
24   Each side shall bear its own costs and attorney's fees.
25
26   DATED:  June __15__, 2009
27                                                                      _____
                                                                          Hon. Jeremy Fogel
28                                                                       Judge, U.S. District Court – ND Cal.

-3-
**PERMANENT INJUNCTION ORDER ENJOINING INFRINGEMENT BY CROWN RING, INC.**     Case No. 5:07-cv-1812 JF (HRL)